

1251 Sixth Ave
21st Floor
New York, NY 10020

**Rachel F. Strom**

Tel: (212) 402-4069 Tel
Fax: (212) 379-5244 Fax
rachelstrom@dwt.com

January 6, 2023

<u>Via ECF</u>
The Honorable Katherine Polk Failla
United States District Court
40 Foley Square
New York, NY 10007

Re:     *Davis v. The Walt Disney Company, Inc.,* 1:22-cv-05944-KPF (S.D.N.Y. 2022)

Dear Judge Failla:

Pursuant to Rule IV.A of the Court's Individual Rules, Defendants The Walt Disney Company, American Broadcasting Companies, Inc. ("ABC"), Delicious Non-Sequitur Productions,[1] Justin Halpern, Patrick Schumacker, and Quinta Brunson (collectively "The ABC Defendants") request a pre-motion conference in advance of filing a motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Fed R. Civ. P. 12(b)(6). Because the Complaint is meritless on its face, the ABC Defendants also plan to seek attorneys' fees and costs pursuant to 17 U.S.C. § 505.

Other than The Walt Disney Company, the ABC Defendants are the writers, producers, and distributors of the Emmy Award winning television series, *Abbott Elementary.*[2] As the show bills itself, *Abbott Elementary* "follows a group of dedicated, passionate teachers – and a slightly tone-deaf principal – as they navigate the Philadelphia public school system. Despite the odds stacked against them, they are determined to help their students succeed in life." Plaintiff, a New York based screenwriter and New York City School teacher, alleges that *Abbott Elementary* infringes the copyright in her television treatment, *This School Year*, which is a comedy series based on her experiences as a public school teacher, FAC ¶¶ 4-6, and tells the stories of young teachers already cynical and "unenthused" – hardly expressing any care for the students they are supposed to be teaching.  Defendants' proposed motion should be granted because the protectible elements in the works are not substantially similar.

"To establish a claim of copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020).  To satisfy the second of

---

[1] Delicious Non-Sequitur Productions is a tradename but not a corporate entity.
[2] The Walt Disney Company ("TWDC") is the indirect parent of ABC but otherwise had no involvement in *Abbott Elementary* and is not an appropriate defendant in this matter. Because Plaintiff has refused to drop TWDC from the case, TWDC intends to join the motion to dismiss while reserving all other defenses and positions.

Hon. Katherine Polk Failla
January 6, 2023
Page 2

these elements, a plaintiff "must demonstrate that: (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of [the] plaintiff's [work]." *Id.* (citation omitted).[3]

"The standard test for substantial similarity . . . is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Lapine v. Seinfeld*, 375 F. App'x 81, 82 (2d Cir. 2010) (citation omitted); *Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 654 (S.D.N.Y. 2011). Where a copyrighted work contains both protectable and unprotectable elements, however, "the usual 'ordinary observer' test becomes 'more discerning' and requires the Court to 'attempt to extract the unprotectible elements from . . . consideration and ask whether the protectible elements, standing alone, are substantially similar.'" *Allen*, 739 F. Supp. 2d at 654 (citation and emphasis omitted). When assessing substantial similarity for television shows, courts consider a number of characteristics, including primarily "plot, characters, total concept and feel (mood), setting, format and pace." *Robinson v. Viacom Int'l, Inc.*, No. 93 Civ. 2539, 1995 WL 417076, at *8 (S.D.N.Y. July 13, 1995).

Not every element of a copyrighted work enjoys copyright protection. "In the case of literary works, it is axiomatic that copyright protection only extends to the *expression* of the author's idea, not to the idea itself." *Warner Bros. v. ABC, Inc.*, 654 F.2d 204, 208 (2d Cir. 1981) (emphasis added); *Abdin*, 971 F.3d at 72-73. Thus, similarities between high-level characteristics of two works – such as general plot lines, subject matter, character traits, or writing style – are not actionable. *See, e.g.*, *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48-51 (2d Cir. 1986). Likewise, there is no copyright protection for "scènes à faire" which are "incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic." *Abdin*, 971 F.3d at 67 (citation omitted); *see also Williams v. Crichton*, 84 F.3d 581, 587-89 (2d Cir. 1996). Rather, there must be a high degree of similarity with respect to the plaintiff's specific and detailed execution of these basic concepts for a copyright claim to arise.[4]

Importantly, the Second Circuit has established that courts may dismiss copyright infringement claims under Rule 12(b)(6) where, as here, an examination of the works demonstrates that the alleged "similarity concerns only noncopyrightable elements of [plaintiff's] work, or when no reasonable trier of fact could find the works substantially similar." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-65 (2d Cir. 2010) (citation omitted); *Abdin*, 971 F.3d at 66. The works are deemed incorporated into the complaint, and "it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation." *Gaito*, 602 F.3d at 64; s*ee also Klauber Bros. v. URBN US Retail LLC*, No. 1:21-CV-4526-GHW, 2022 WL 1539905, at *5 (S.D.N.Y. May 14, 2022). Even a cursory comparison of the works here confirms that they are not even remotely similar, let alone substantially similar, in their protectable expression.

Starting with reading the very first page of Plaintiff's treatment, it is evident that the concept and feel of the works are wholly dissimilar. While *This School Year* begins with a second-

---

[3] Plaintiff's allegations of access are also purely speculative and insufficient to support a claim.

[4] *See, e.g.*, *Arden v. Columbia Pictures Indus.*, 908 F. Supp. 1248, 1262-63 (S.D.N.Y. 1995) (dismissing claims based on similar plot of a repeating day); *Alexander v. Murdoch*, No. 10 Civ. 5613, 2011 WL 2802923 (S.D.N.Y. July 14, 2011) (finding that two sitcoms depicting various family hijinks are not substantially similar).

Hon. Katherine Polk Failla
January 6, 2023
Page 3

grade teacher Ms. Davis, slamming a book against her face at the idea that a new school year is starting, *Abbott Elementary* begins with a bubbly, positive, and optimistic second grade teacher, Janine Teagues, gushing about how excited she is to be starting another year with her students. The remainder of the *Abbott Elementary* story focuses on Ms. Teagues and her colleagues doing everything they can to support their students despite the lack of resources and administrative support, while *This School Year* is much more cynical and is focused on the displeasure of the teachers at the prospect of teaching at P.S. 311.

In this way, the characters of the works are not similar either. Plaintiff characterizes the protagonists of the two shows, Ms. Davis and Ms. Teagues, as "ambitious, young, motivated, and naïve characters," (FAC ¶ 46) but in *This School Year*, Ms. Davis is already jaded about the inner workings of her school. Ms. Davis is often miserable, seen literally screaming "from the top of her lungs" and throwing a book in despair. She got in trouble for telling her students last year that "Christopher Columbus was an asshole" and is described from page one as "unenthused." By contrast, if there was one word to describe Ms. Teagues, it would be "enthused" – and she is lovingly portrayed with genuine naivete about how public schools are administered. She takes it upon herself to fix a light when the janitor takes too long, tries to institute new programming and curriculum to bring joy to her classroom, and would never swear in front of her students.

Indeed, in Plaintiff's own list of alleged similarities between the works, she focuses on a line where Ms. Davis from *This School Year* asks God to help *her* get through "this school year … alive." FAC, Ex. 2. Whereas Ms. Teagues explains that while she, still a newer teacher, is just getting the hang of the job, her main goal is to ensure her *students* come out alive. The Ms. Davis character is self-centered and cynical, while Ms. Teagues is selfless and filled with joy.

At bottom, while both works take place in underfunded, inner-city public schools, and both have characters one would expect to see in these schools – teachers, janitors, a principal – these elements are unprotected scènes à faire, or "incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic." *Alexander v. Haley*, 460 F. Supp. 40, 45 (S.D.N.Y. 1978) (citation omitted). And both sitcoms use the "documentary" device, but that was already made popular by hits like *The Office, Parks and Recreation*, among others. The actual expression in the works, the detailing of the characters, the plot, and the feel, leave no doubt that the works are not substantially similar.

Accordingly, we respectfully request the opportunity to make our motion to dismiss. Plaintiff has indicated that she will oppose the motion.

Respectfully submitted,
 /s/ *Rachel F. Strom*