UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CHRISTINE DAVIS,                                        :

                        Plaintiff,        :          1:22-cv-05944-KPF

                                     :          Hon. Katherine Polk Failla

         -against-                                   :

                                     :

AMERICAN BROADCASTING COMPANY            :
(ABC), DELICIOUS NON-SEQUITUR,                  :
PRODUCTIONS, LLC, BLUE PARK                       :
PRODUCTIONS, SHAVON SULLIVAN             :
WRIGHT, CHERISSE PARK, JUSTIN                    :
HALPERN, PATRICK SCHUMACKER, and         :
QUINTA BRUNSON,                                           :

                                     :

                     Defendants.        :

------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS BLUE PARK PRODUCTIONS AND
## SHAVON SULLIVAN WRIGHT'S MOTION TO DISMISS

Dated: New York New York
       September 20, 2023

                                                    _____

                                                    Walter John Thompson
                                                    THOMPSON LAW, P.C.
                                                    *Attorney for the Plaintiff*
                                                    565 Fifth Avenue, Suite 721
                                                    New York, NY 10017
                                                    646-922-8900
                                                    wjt@thompsonlawnyc.com

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION…………………………………………………………………....5

PRELIMINARY STATEMENT………………………………………………………5

LEGAL STANDARD…………………………………………………………….…6

COPYRIGHT INFRINGEMENT………………………………………………………7

CONTRIBUTORY INFRINGMENT………………………………………….………9

ARGUMENT……………………………………………………………….……9

    **I.**    **The Complaint Alleges Facts Sufficient to Support a Claim of Direct Copyright Infringement Against Defendants BPP and Wright**……………………………....9

    **II.**    **The Complaint Alleges Facts Sufficient to Support a Claim of Contributory Copyright Infringement Against Defendants BPP and Wright**……………...….11

    **III.**   **Reasons Stated in Other Defendants Motion to Dismiss Do Not Support Dismissal of Plaintiff's Complaint** ……………………………………….……………...12

CONCLUSION……………………………………………………………………..13

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Tomasini v. Walt Disney Co*.
　　84 F.Supp.2d 516, 519 (S.D.N.Y.2000) ………......………………………………………5

*Garza v. Marine Transp. Lines, Inc*.
　　861 F.2d 23, 26 (2d Cir.1988) ……………………………………………………….....6

*Bell Atlantic Corp. v. Twombly*
　　550 U.S. 544 (2007)550 U.S. at 564, 127 S.Ct. 1955…………………………………..…6

*Ashcroft v. Iqbal*
　　556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) …………………………...6

*Hayden v. Paterson*
　　594 F.3d 150, 161 (2d Cir.2010) ……………………………………………………………6

*DiFolco v. MSNBC Cable L.L.C.*
　　622 F.3d 104, 111 (2d Cir.2010) …………………………………………………………7

*LaChapelle v. Fenty*
　　812 F.Supp.2d 434 S.D.N.Y. 2011…………………………………………………………...7

*Arnstein v. Porter*,
　　154 F.2d 464, 468 (2d Cir.1946) ……………………………………………….………7

*Jorgensen v. Epic/Sony Records*,
　　351 F.3d 46, 51 (C.A.2 (N.Y.), 2003) …………………………………………………….7

*Vargas v. Transeau*
　　514 F.Supp.2d 439, 442 (S.D.N.Y., 2007) …………………………………………………8

*Mowry v. Viacom Int'l, Inc.,*
　　No. 03 Civ. 3090, 2005 WL 1793773, (S.D.N.Y. Jul.29, 2005) …………………………....8

*Cox v. Abrams*,
　　No. 93 Civ. 6899, 1997 WL 251532, (S.D.N.Y. May 14, 1997) …………..………….……8

*Hamil Am. Inc. v. GFI*
　　193 F.3d 92, 99 (2d Cir.1999) …………………………………………………………8

*Rams v. Def Jam Recordings, Inc*.,
　　202 F. Supp. 3d 376………………………………………………………...…………..…9

*Arista Recs., LLC v. Doe 3*
    604 F.3d 110, 118 (2d Cir. 2010) ……………………………………………………9

*Capitol Recs., LLC v. ReDigi Inc.*
    934 F. Supp. 2d 640, 658 (S.D.N.Y. 2013), aff'd, 910 F.3d 649 (2d Cir. 2018) …..……9

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87, 98 (2d Cir.2007) …………………………………………………...…10

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*
    507 F.3d 117 (2d Cir.2007) ……………………………………………………...10

*Camarillo v. Carrols Corp.*,
    518 F.3d 153, 156 (C.A.2 (N.Y.), 2008) ……………………………………………...10

## **Statutes**

F.R.C.P. 12(b)(2) ………………………………………………………………………5

F.R.C.P. 12(b)(6) ………………………………………………………………………5

F.R.C.P. 56(c)………………………………………………………….…………………6

## INTRODUCTION

Plaintiff Christine Davis respectfully submits this memorandum opposing Defendants Blue Park Productions (hereafter "BPP") and Shavon Sullivan Wright's (hereafter "Wright") motion to dismiss Plaintiff's second amended complaint filed April 12, 2023 (ECF Doc. #56) pursuant to the Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

Defendants BPP and Wright's Motion should be denied because Plaintiff has established with a substantial degree of plausibility that Defendants have collectively infringed her valid copyright.

Defendants BPP and Wright attempt to obfuscate the standard that Plaintiff must establish to plead a claim for copyright infringement. Defendants claim that Plaintiff has failed to present a claim for copyright infringement because she alleges a chain of events that led to the actual copying and infringement – a chain of events that includes both Defendants Wright and BPP. Defendants BPP and Wright claim that there are not enough allegations in Plaintiff's complaint to make a claim for infringement "direct or contributory."  However, this Court has recognized that "clear and direct evidence in copyright infringement case is not always readily available to the Plaintiff." This Court has previously held that as proof of access, a plaintiff may show a "particular chain of events by which the defendant might have gained access to the work." *Tomasini v. Walt Disney Co*., 84 F.Supp.2d 516, 519 (S.D.N.Y.2000).

Defendants BPP and Wright are a direct link the chain that has led to the infringement of Plaintiff's copyright and thus Defendants motion should be struck down and Plaintiff granted the right to proceed through discovery and to a final determination by the fact finder.

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court "must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party." *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26 (2d Cir.1988).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in *Ashcroft v. Iqbal.* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

First, a court "'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir.2010) (quoting *Iqbal*, 129 S.Ct. at 1950). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*. at 1950. Accord *Kiobel v. Royal Dutch Petroleum Co*., 621 F.3d 111, 124 (2d Cir.2010).

To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility." *Twombly*, 550 U.S. at 564, 127 S.Ct. 1955. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In considering a motion to dismiss for failure to state a claim pursuant to F.R.C.P. 12(B)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir.2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002)).

However, the court may also consider a document that is not incorporated by reference, "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006)).

## COPYRIGHT INFRINGEMENT

To prove infringement under the Copyright Act, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists…" between the Defendant's work and the plaintiff's copyrighted work. *LaChapelle v. Fenty*, 812 F.Supp.2d 434 S.D.N.Y. 2011

When establishing copying by circumstantial evidence, "[t]here is an inverse relationship between access and probative similarity such that the stronger the proof of similarity, the less the proof of access is required." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 56 (2d Cir.2003)

Thus, "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Repp v. Webber, 132 F.3d 882, 884 (C.A.2 (N.Y.), 1997)*

Conversely, where the plaintiff has not demonstrated access, he or she must show that the works are not just "substantially similar" but "strikingly similar." *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir.1946) ("If evidence of access is absent, the similarities must be so striking as to preclude the possibility that plaintiff and defendant independently arrived at the same result"). See *Vargas v. Transeau*, 514 F.Supp.2d 439, 442 (S.D.N.Y., 2007)

("Plaintiffs concede that access has not been proven and, therefore, rely solely on the contention that [the works] are strikingly similar."); *Mowry v. Viacom Int'l, Inc.,* No. 03 Civ. 3090, 2005 WL 1793773 (S.D.N.Y. Jul.29, 2005) (because plaintiff did not demonstrate access, "defendants are entitled to summary judgment unless access can be inferred from 'striking similarities' " between the two works); *Cox v. Abrams*, No. 93 Civ. 6899, 1997 WL 251532 (S.D.N.Y. May 14, 1997) (finding that since plaintiffs offered no evidence indicating access, "[u]nless a reasonable jury could find striking similarity between [the two works], summary judgment based on lack of access is proper").

"Access means that an alleged infringer had a 'reasonable possibility'—not simply a 'bare possibility'—of hearing [or seeing] the prior work; access cannot be based on mere 'speculation or conjecture.' " *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (C.A.2 (N.Y.), 2003).

To support a claim of access, a plaintiff must offer "significant, affirmative and probative evidence." *Id*. Since it is rare in a copyright infringement action for plaintiff to have direct access of the defendant viewing and copying its work, courts have recognized that access may be shown by circumstantial evidence. *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir.1999).

As proof of access, a plaintiff may show that "(1) the infringed work has been widely disseminated or (2) a particular chain of events exists by which the defendant might have gained access to the work." *Tomasini v. Walt Disney Co*., 84 F.Supp.2d 516, 519 (S.D.N.Y.2000).

## CONTRIBUTORY INFRINGMENT

"To state a claim for contributory infringement, a plaintiff must allege facts that a defendant 'with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *Rams v. Def Jam Recordings, Inc*., 202 F. Supp. 3d 376, 383 (S.D.N.Y. 2016) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc*., 443 F.2d 1159, 1162 (2d Cir. 1971). "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who know or have reason to know of the direct infringement." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (internal quotation marks omitted). "In weighing the knowledge requirement, courts consider evidence of actual and constructive knowledge, including cease-and-desist letters, officer and employee statements, promotional materials, and industry experience." *Capitol Recs., LLC v. ReDigi Inc*., 934 F. Supp. 2d 640, 658 (S.D.N.Y. 2013), aff'd, 910 F.3d 649 (2d Cir. 2018).

## ARGUMENT

### I.    The Complaint Alleges Facts Sufficient to Support a Claim of Direct Copyright Infringement Against Defendants BPP and Wright

Defendants BPP and Wright motion to dismiss Plaintiff's complaint must be denied. Plaintiff has alleged facts sufficient to support her claims for both direct and indirect copyright infringement by all the Defendants, including BPP and Wright.

Defendants BPP and Wright correctly note that "a complaint must offer allegations sufficient to raise the reasonable inference that liability attaches." Defendant's motion page 3 citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir.2007) (quoting Bell Atl. Corp. v.

Twombly, 550U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929, 940 (2007)); see also *Port Dock & Stone Corp. v. Oldcastle Ne., Inc*., 507 F.3d 117, 121 (2d Cir.2007) ("The plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests."). *Camarillo v. Carrols Corp*., 518 F.3d 153, 156 (C.A.2 (N.Y.), 2008).

In the instant case, Plaintiff has pled facts to raise above a speculative level. Furthermore, Plaintiff's allegations are sufficient to provide defendants with fair notice of the claim and the grounds upon which they rest.

Defendant's claim that Plaintiff's allegations amount to speculation and fails to make out a "substantial involvement." However, Plaintiff, in her pleading, notes that Defendants BPP and Wright repeatedly held themselves out to Plaintiff that they had extensive connections with ABC, HULU and other television networks and that based on those connections would be able to assist Plaintiff in bringing her work to those networks. Plaintiff relied on the express statements of BPP and Wright when she signed a non-disclosure agreement and then proceeded to share her copyrighted material with them. Plaintiff's complaint clearly lays out a fact pattern that supports a claim for contributory copyright infringement.  Furthermore, Plaintiff has demonstrated in her response to the ABC Defendant's Motion to Dismiss that BPP, Wright and Defendant Parks have publicly represented through their website and on other social media that they are well-established producers with substantial connections within the industry to major television networks, including ABC and HULU.

It is only now, after being called to account for their potential wrongdoing do they seek to diminish themselves as something far less then what they had represented to the public and the Plaintiff.

## II.    The Complaint Alleges Facts Sufficient to Support a Claim of Contributory Copyright Infringement Against Defendants BPP and Wright

To recover under this theory, "a plaintiff must first establish direct infringement by the relevant third party." *Arista Records LLC v. Lime Grp. LLC*, 784 F.Supp.2d 398, 423 (S.D.N.Y.2011).  After that is established, "a defendant may be held liable for contributory copyright infringement if, with knowledge of the infringing activity, it materially contributes to the infringing conduct of [the third party.]" *Id*. at 432 (internal quotation marks omitted) (quoting Matthew Bender, 158 F.3d at 706). "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who 'know or have reason to know' of the direct infringement." *Energy Intelligence Grp., Inc. v. Jefferies, LLC*, No. 14 Civ. 04115(LAP), 101 F.Supp.3d 332, 341, 2015 WL 1501107, at 7 (S.D.N.Y. Mar. 31, 2015) *Smith v. BarnesandNoble.com, LLC,* 143 F.Supp.3d 115, 124 (S.D.N.Y., 2015)

Plaintiff's complaint alleges sufficient facts to demonstrate that a nexus of cooperation existed between the BPP and Wright Defendants and the ABC Defendants to establish a claim for contributory copyright infringement. Plaintiff's allegations clearly establish that BPP and Wright acted with knowledge of the infringing activity, and their activity "induces, causes, or materially contributes to the infringing conduct of another."

Here, Defendants Wright and BPP repeatedly held out to the Plaintiff that they had extensive connections with ABC, HULU, and other television networks and that based on those connections would be able to assist Plaintiff in bringing her work to those networks. Plaintiff relied on the express statements of BPP and Wright when she signed a non-disclosure agreement and then proceeded to share her copyrighted material with them. Plaintiff's complaint clearly lays out a fact pattern that supports a claim for contributory copyright infringement.

Plaintiff's complaint states that: Defendants BPP, Parks and Wright told Plaintiff that BPP is an "incubator and facilitator for talented black women to sell their original ideas and series to television networks and streaming platforms and that they had substantial experience programming for network television and had produced over 100 series for TV.

Defendants Parks and Wright specifically told Plaintiff that they had "connections" with ABC and Hulu. On June 15, 2020, under cover of separate email, Plaintiff emailed a copy of her script for *TSY* and the "story bible" to Defendant Wright.

Over the course of the next month, the Plaintiff and Blue Park Productions had at least three meetings regarding Plaintiff's script for *TSY*. Defendants Wright and Parks told the Plaintiff that they would be able to present her work to noteworthy television outlets including HULU, ABC, and others.

Defendants Wright and Parks repeatedly expressed that they had connections at HULU and were aware that HULU and ABC were looking for Black, female-led comedies.

It is through these connections that Plaintiff alleges Defendants had engaged in a course of conduct that led to the instant claim.  Therefore, Plaintiff has pled sufficient facts to support a cause of action for contributory copyright infringement.

### III.  Reasons Stated in Other Defendants Motion to Dismiss Do Not Support Dismissal of Plaintiff's Complaint

As addressed in Plaintiff's Response to the Other Defendants, Plaintiff has demonstrated at length the striking similarities between Plaintiff's copyrighted work and the infringing work of the other Defendants.  Plaintiff has further put forth substantial evidence of Defendants BPP and Wrights connections to ABC Television and their work in NYC.  Defendants BPP and Wright proudly and publicly asserted It is only after Plaintiff has filed her complaint that Defendants BPP,

Wright and Parks seek to disavow any such connections and deny that they have worked in connection with New York City based television networks.

**CONCLUSION**

For the reasons stated above, the Court should deny Defendants BPP and Wright's Motion in all respects.

Dated: September 20, 2023
      New York, New York

THOMPSON LAW, P.C.

Walter John Thompson, Esq.
*Attorneys for the Plaintiff*
565 Fifth Avenue, Suite 721
New York, New York 10017
(646) 922-8900
wjt@Thompsonlawnyc.com