UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE DAVIS,<br><br>    Plaintiff,<br><br>- against -<br><br>AMERICAN BROADCASTING COMPANY, DELICIOUS NON-SEQUITUR PRODUCTIONS, LLC, BLUE PARK PRODUCTIONS, SHAVON SULLIVAN WRIGHT, CHERISSE PARKS, JUSTIN HALPERN, PATRICK SCHUMACKER, and QUINTA BRUNSON,<br><br>    Defendants. | Case No. 1:22-cv-05944 (KPF) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS OF DEFENDANTS BLUE PARK PRODUCTIONS
AND SHAVON SULLIVAN WRIGHT**

LAW OFFICE OF ALEXANDER SAKIN, LLC
5 West 37th Street, Suite 638
New York, NY 10018
(917) 509-7573

*Attorneys for Defendants
Blue Park Productions and
Shavon Sullivan Wright*

Defendants Blue Park Productions ("BPP") and Shavon Sullivan Wright (collectively, the "BPP Defendants"), submit this reply memorandum of law in further support of their motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2) (the "Motion"), the sole claim alleged by Plaintiff Christine Davis against the BPP Defendants in the Second Amended Complaint – namely, the claim for copyright infringement.

Plaintiff's opposition utterly fails to refute any of the arguments raised by the BPP Defendants in support of their Motion.

## ARGUMENT

In her opposition, Plaintiff does not even bother arguing – because she cannot – that the BPP Defendants engaged in any direct copyright infringement. Even though Section I of the opposition, according to its title, purports to defend the direct infringement claim, in fact, it is concerned with arguing that the BPP Defendants were "substantially involved" in the alleged infringement. "Substantial involvement" with infringement, however, as demonstrated in the moving brief, is the type of involvement that must be demonstrated to support a claim for contributory, not direct infringement. *Demetriades v. Kaufmann*, 690 F. Supp. 289, 294 (S.D.N.Y. 1988) (emphasis in original).

It is little wonder, however, that Plaintiff fails to argue that the BPP Defendant are liable for direct infringement. That is because, to argue such liability, she would have to argue that the BPP Defendants engaged in "volitional" conduct constituting or causing infringement. *In re AutoHop Litig.*, 2013 U.S. Dist. LEXIS 143492, at *5 (S.D.N.Y. Oct. 1, 2013) ("[A] person or entity cannot be found directly liable for copyright infringement without proof of some volitional act by the person that constitutes or causes the infringement"). Of course, the Complaint pleads no such thing whatsoever, and the opposition does not argue that any such conduct is pled.

Instead, in its opposition, Plaintiff argues that the BPP Defendants engaged in contributory copyright infringement, repeatedly harping on the allegation that the BPP Defendants "held themselves out to Plaintiff that they had extensive connections with ABC, HULU and other television networks and that based on those connections would be able to assist Plaintiff in bringing her work to those networks." But this allegation, repeated in various ways throughout the opposition, simply does not amount to contributory copyright infringement. That is because, it is well-established that "[a]n allegation that a defendant merely provid[ed] the means to accomplish an infringing activity is insufficient to establish a claim for contributory infringement." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750 (S.D.N.Y 2011) (internal citations omitted). Thus, that the BPP Defendant allegedly told Plaintiff that they had "connections" with ABC – the purported direct infringer – and allegedly permitted ABC to access her script, is insufficient to plead contributory copyright infringement.

This is all the more so, given that, as pled in the Complaint, Plaintiff, in any event, *consented* to ABC accessing her script. On this point, the Complaint alleges that: 1) Plaintiff contacted the BPP Defendants "[s]eeking a production company to assist in bringing her copyrighted show to market" (Complaint at ¶48), attracted by the BPP Defendants' advertised connections to ABC and others (*Id.* at ¶51); 2) as part of the service of "bringing [Plaintiff's] show to market," "Defendants Wright and Parks told the Plaintiff that they would be able to present her work to noteworthy television outlets including HULU, ABC, and others" (*Id.* at ¶63) – that is, they would send her work to ABC and others exactly as Plaintiff hoped; and 3) "Defendants Wright and Parks urged Plaintiff to make revisions quickly so that they could present her idea to these outlets during upcoming pitch season" (*Id.* at ¶66), which Plaintiff proceeded to do, going "straight to work." (*Id.* at ¶67). Given these allegations, Plaintiff

2

certainly cannot argue that the alleged sending of her script to ABC – an entirely speculative and baseless allegation, in any event – was in any way unauthorized, or could constitute contributory infringement.  *See Smith v. BarnesandNoble.com, LLC*, 143 F. Supp. 3d 115, 125 (S.D.N.Y. 2015) (noting that, unlike the situation where "the *unauthorized transfer* of a file over the Internet" constituted infringement, in the case at hand, by contrast, the "transfer of the book file was unquestionably authorized at the time of the initial download to the Customer's e-reader and subsequent transfers.").

## **CONCLUSION**

For the reasons stated above, and the reasons outlined in the moving brief on the Motion, the Court should grant the BPP Defendants' Motion in all respects.

Dated: October 6, 2023
      New York, NY

                                      LAW OFFICE OF ALEXANDER SAKIN, LLC

                                      /s/ Alexander Sakin
                                      _____
                                      Alexander Sakin, Esq.
                                      5 West 37th St., Suite 638
                                      New York, NY 10018
                                      (917) 509-7573
                                      *Attorney for the BPP Defendants*